IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JIBRIL LUQMAN IBRAHIM a/k/a GRAND ANDERSON, JR., | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. RDB-06-635 |
| UNITED STATES PAROLE COMMISSION, | * | |
| Respondent | | |

\*\*\*\*\*\*

## MEMORANDUM OPINION

Petitioner filed this Petition for Writ of Mandamus on March 9, 2006, seeking to have the United States Parole Commission ("USPC") respond to his request for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (Paper No. 1).

Respondent has filed a dispositive motion (*see* Paper No. 3), which shall be treated as a motion for summary judgment. The Court is in receipt of Petitioner's response. (Paper No. 5). No hearing is needed to resolve the question as to whether Petitioner is entitled to the relief requested. *See* Local Rule 105.6 (D. Md. 2004).

Under 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to Petitioner. In order to meet the requirements for mandamus relief, Petitioner must show that he has the clear legal right to the relief sought; that Respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of

discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[1]  *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Total Care, Inc. v. Sullivan*, 1991 U.S. App. Lexis 29804 (4th Cir. December 23, 1991) (unpublished); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D.Md. 1975).

This Court concludes that Petitioner has failed to meet the above-established criteria.  On September 30, 2005, Petitioner sent a FOIA request to the USPC requesting documents from his criminal case and documents which were to be used in his then upcoming parole hearing. (Paper No. 3., Ex. 1).  His request was not accompanied by a notarized statement of his identity as required under 28 C.F.R. § 16.41(d). (*Id.*)  On October 27, 2005, the USPC returned the FOIA request due to Petitioner's failure to provide proof of identity. (*Id.*, Ex. 2).   The USPC received Petitioner's corrected FOIA request with proof of identity on November 10, 2005, but erroneously listed the request in the FOIA database under the name of another person and Petitioner's request was not acted upon timely. (*Id.*)  Upon institution of the instant proceeding the USPC reviewed Petitioner's request and provided him with all documents responsive to his request.  (Paper No. 1, Ex. 5 and 8). General Counsel for the USPC also advised Petitioner of his right to appeal the decision not to disclose any documents. (*Id.*)  Petitioner, without specifying which documents Respondents have improperly refused to disclose, disputes the fact that he has received all documents requested. (Paper No. 5).  He has not however, appealed the decision of the USPC's General Counsel to the Chairman of the U.S. Parole Commission as he is entitled to do.

Even if this Court were to conclude that the USPC erred in not disclosing all documents

---

[1] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

2

requested by Petitioner, mandamus relief would still not be proper as Petitioner has an adequate remedy at law, *i.e.*, a civil action brought under FOIA against the Parole Commission. *See* 4 U.S.C. § 552(a)(4)(B).  Accordingly, Petitioner is not entitled to mandamus relief.

A separate Order shall be entered reflecting the Opinion set forth herein.


September 12, 2006                           /s/
   Date                                          RICHARD D. BENNETT
                                                  UNITED STATES DISTRICT JUDGE